1 Russell A. Brown
CHAPTER 13 TRUSTEE
2 P.O. Box 33970
Suite 800
3 3838 North Central Avenue
Phoenix, Arizona 85067-3970
4 602.277.8996
Fax 602.253.8346
5 *mail@ch13bk.com*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DAVID C. HENRY, and JANET A. HENRY,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-06-bk-02937 EWH |
| NOVASTAR MORTGAGE, INC., its successors and/or assigns,<br><br>Movant,<br><br>v.<br><br>DAVID C. HENRY and JANET A. HENRY, Debtors; and RUSSELL BROWN, Chapter 13 Trustee,<br><br>Respondents. | **TRUSTEE'S RESPONSE AND OBJECTION TO MOTION FOR CLARIFICATION RE ORDER LIFTING AUTOMATIC STAY**<br><br>(No hearing set)<br><br>(Real property located at 131 North Buffalo Street, Springville, New York) |

Russell Brown, CHAPTER 13 TRUSTEE, responds to the Movant's Motion for Clarification Re Order Lifting Automatic Stay. The Trustee asserts that the Court should deny the Motion as the Movant's security interest is unperfected and voidable. Moreover, since the original Motion for Stay Relief misrepresented the facts, the Court should set aside the Order granting that Motion.

On September 15, 2006, the Debtors filed their petition for relief under Chapter 13. Debtors' Schedule A discloses an ownership interest in the real property located at 131 North Buffalo Street, Springville, New York ("real property"). The Schedule A states that there is a secured claim of $154,621.00 against a value of $161,000.00. Schedule C claims no exemption in the real property. Schedule D discloses a mortgage lien against the real property to Novastar Mortgage, Inc. Therefore, on the face of Schedules A, C, and D, the property has little nonexempt equity to benefit the

1 bankruptcy estate. The Chapter 13 Plan proposes to surrender the real property to the secured
2 creditor. The Debtors' Statement of Financial Affairs # 4 fails to disclose any lawsuit by Novastar
3 pending at the time they filed their Petition.

4 On September 26, 2006, Novastar filed its Motion for Stay Relief ("first Motion") through
5 other counsel. The first Motion is a typical motion for stay relief and states that Novastar has a deed
6 of trust in the real property and that the deed of trust was "timely and duly recorded and perfected
7 in accordance with New York law . . . " Paragraph 4. Moreover, the first Motion asserts an amount
8 owed that leaves no equity in the nonexempt property for the benefit of the bankruptcy estate. No
9 where in the first Motion does it disclose the existence of a lawsuit in the State of New York. Based
10 on the representations in the first Motion and the Debtors' Schedules, the Trustee filed no response
11 to the first Motion and the Court granted the first Motion.

12 On November 21, 2006, Novastar filed the present Motion for Clarification Re Order Lifting
13 Automatic Stay ("second Motion"). According to Exhibit B to the second Motion, on June 28, 2004,
14 the Debtors and Novastar executed a deed of trust in the real property. However, evidently Novastar
15 failed to record the deed of trust. The second Motion now discloses a lawsuit against the Debtors
16 that Novastar filed on January 25, 2006. The lawsuit seeks to allow Novastar to perfect its lien
17 against the property but the Debtors' bankruptcy Petition stayed the lawsuit. Thus, as of the Petition
18 date, Novastar had no perfected security interest in the nonexempt property. The second Motion
19 seeks clarification (actually modification) of the Order entered by the Court granting the first Motion.
20 Because Novastar's lien was unperfected on the Petition date, the Trustee may avoid the lien
21 pursuant to Section 544. Thus, the nonexempt property has value to the bankruptcy estate. If the
22 Movant does not voluntarily agree that its lien is avoidable, the Trustee will file an adversary
23 proceeding to void the unperfected lien.

24 Since the Movant's security interest is unperfected, the Court should deny the Movant's
25 second motion. Moreover, since the Movant's first Motion misrepresented the facts, the Court
26 should deny the Second Motion, set aside the Order entered on the first Motion, and reimpose the
27 automatic stay on the real property.

28

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | _____ |
| | Russell Brown |
| 4 | CHAPTER 13 TRUSTEE |
| 5 | A copy of this Response was mailed to the following parties on the date signed to: |
| 6 | |
| 7 | Edward Moomjian II, Esq.<br>CHANDLER & UDALL, L.L.P.<br>Suite 2100 |
| 8 | 33 North Stone Avenue<br>Tucson, AZ    85701-1415 |
| 9 | Co-counsel for Movant |
| 10 | |
| 11 | Paul A. Levine, Esq.<br>McCARTHY HOLTHUS LEVINE<br>Suite 1050 |
| 12 | 3636 North Central Avenue<br>Phoenix, AZ    85012 |
| 13 | Co-counsel for Movant |
| 14 | |
| 15 | Tatiana M. Froes, Esq.<br>PHILLIPS & ASSOCIATES<br>Suite 1100 |
| 16 | 3030 North Third Street<br>Phoenix, AZ    85012 |
| 17 | Attorney for Debtors |

- 3 -