Russell A. Brown
CHAPTER 13 TRUSTEE
P.O. Box 33970
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85067-3970
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DAVID CHARLES HENRY,<br><br>and<br><br>JANET ANN HENRY,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 06-02937 PHX EWH<br><br>**TRUSTEE'S RECOMMENDATION** |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Trustee notes the following problems, which must be resolved prior to confirmation of the Plan:

1. Novastar Mortgage previously filed a motion for relief from the automatic stay on non-exempt real property at 131 N Buffalo Street in Springville, New York. The Trustee dis not object to the original motion as there appeared to be little or no equity in the property to benefit the estate. Subsequently, a Modified Order Terminating Automatic Stay was entered by the Court on October 18, 2006. Novastar Mortgage has now filed a Motion for Clarification of the Order Lifting Automatic Stay and Injunction in which it is brought to light the deed of trust on the property was never recorded in the Erie County Recorder's Office. In New York. Because Novastar's lien was unperfected on Petition date, the Trustee may avoid the lien pursuant to Section 544. The Property has value to the estate. The Trustee has filed a response to the motion requesting that the second motion be denied and the order lifting the stay be set aside and the automatic stay be reimposed.

The Order confirming the Plan should include the provision that any funds received from the property will be applied first to unsecured, priority claims, then to unsecured, nonpriority claims, then finally as advance Plan payments, but the term of the Plan will not be reduced to fewer than 36 months unless all claims are paid in full.

2. The Trustee has been advised that the debtors have property in a storage unit at Buffalo South Storage. The storage unit and the contents thereof are not disclosed on Schedule B. The Trustee requires that Schedule B be amended to disclose the storage unit and itemized contents, with values to be provided. Compliance with the Chapter 7 reconciliation requirement of the Code must be established.

3. The Plan proposes payment of a secured claim to Chapman Auto Group Finance who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provide as follows: "The Trustee has authority to pay on the secured debt owed to Chapman Auto Group Finance even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor."

4. The Plan provides to pay for the full claim of Double Eagle Motors. The proof of claim lists the debt balance as $3,814.00. The Trustee has considered the claim amount in his Plan analysis.

5. The Plan provides to pay the New York State Department of Taxation and Finance $20,000.00. As of the date of this Recommendation, the creditor has not filed a proof of claim. The debtors are advised that the Trustee cannot payment on the debt without a proof of claim.

6. Any Order confirming the Plan must comply with the provisions of the Trustee's Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel). The tax years are 2006 and 2007. The time to submit a proposed Order to the Trustee is extended to 15 days after the conclusion of any objection to proof of claim or objection to confirmation. <u>The Order must state that the 2006 tax refunds will be applied as a supplement to the Plan</u>.

7. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

**Plan payment status:** Debtors' interim payments of $310.00 are current through due date November 15, 2006. Payment in like amount coming due December 15, 2006, must be received in the Trustee's office not later than January 3, 2007.

Subsequent payments will be due on or before the 15th day of the month, starting January 2007.

SUMMARY

**Pursuant to the Court's Order Re: Procedures for Confirmation of Plans, paragraph E.(2), the Debtors must provide the following by January 3, 2007 or the Trustee will lodge an order dismissing the case:**

(a) All information and documents as requested in Items #2 and #3 above; and

(b) Pay to the Trustee the sum of $310.00.

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, a proposed stipulated Order Confirming the Plan, signed by all objecting parties, which incorporates the requirements of this Recommendation, no later than January 3, 2007. The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2083-7(a), L.R.B.P., to begin running when all Recommendation conditions are met.

_____
Russell Brown
Chapter 13 Trustee

| | |
|---|---|
| 1 | A copy of this document was mailed on the date signed below to: |
| 2 | |
| 3 | |
| 4 | David and Janet Henry<br>865 N. Roosevelt Circle<br>Scottsdale, AZ 85257 |
| 5 | Debtor(s) |
| 6 | |
| 7 | Phillips & Associates<br>3030 N. Third Street |
| 8 | Suite 1100<br>Phoenix, AZ 85012 |
| 9 | Attorney for Debtor(s) |
| 12 | */s/ Cheryl L. Turner  0116*<br>*cherylturner@ch13bk.com* |