Russell A. Brown ABN 10173
CHAPTER 13 TRUSTEE
P.O. Box 33970
Phoenix, AZ 85067-3970
(602) 277-8996
(602) 253-8346 (facsimile)

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>DAVID CHARLES HENRY,<br>and<br>JANET ANN HENRY,<br><br>Debtors. | In Proceedings Under Chapter 13<br>Case No. 2-06-BK-02937 EWH<br>**TRUSTEE'S RESPONSE IN SUPPORT OF HIS OBJECTION TO NOVASTAR'S MOTION FOR CLARIFICATION** |

Russell A. Brown, Chapter 13 Trustee, has reviewed Novastar's Reply in Support of It's Motion for Clarification and hereby responds:

Creditor Novastar Mortgage, Inc. ("Novastar") filed a Motion for Clarification Re: Order Lifting Automatic Stay and Injunction on November 21, 2006, seeking permission to continue pursuit of an action in New York relating to the recording of its security interest and subsequent foreclosure.

The Trustee filed his Objection on November 30, 2006, opposing the request on the basis that the security interest is unperfected and therefore voidable by the Trustee, pursuant to 11 U.S.C. §544.

On December 11, 2006 Novastar filed its Reply, arguing that the Trustee is not able to avoid the unrecorded lien because his status as a bona fide purchaser ("BFP") is destroyed by constructive notice. In support of this argument, Novastar alleges that the Trustee is deemed to have been provided by (1) the Debtors' Schedules and Chapter 13 Plan, and (2) the "Notice of Pendency" (i.e. Lis Pendens) filed in Erie County, New York.

///

Unfortunately for Novastar, it is the Trustee's position that both prongs of its constructive notice argument fall short:

(1) On December 28, 2006 the 9th Circuit Bankruptcy Appellate Panel published a decision that is directly on point. The *Deuel* decision states that the Trustee's BFP status under §544(a)(3) is created at the precise moment the Voluntary Petition is filed and any information attained after that moment did not affect his status as a BFP. *In re Deuel*, ___B.R.___, 2006 WL 4010577 (9th Cir. BAP 2006). The BAP distinguished the 9th Circuit's *Professional Investment*[1] decision, which had been an involuntary case, by stating that in a voluntary case, the Schedules, Statement of Financial Affairs and any other documents are deemed to have been filed after the Petition even if they have been physically or electronically filed together. Therefore, any information contained in these subsequent documents cannot have provided constructive notice to defeat the Trustee's BFP status.

(2) Novastar alleges that the Notice of Pendency filed with the Erie County (New York) Recorder's Office provides constructive notice sufficient to defeat the Trustee's BFP status by citing New York Civil Practice Law & Rules ("CPLR") §6501. However, Novastar is only telling half the story. A further reading of Title 65 of the CPLR reveals that §6512 declares that a Notice of Pendency "is effective only if, within thirty days after filing, a summons is served upon the defendant..." According to Exhibit C-3 of Novastar's Reply the Notice of Pendency was filed on January 25, 2006. According to paragraph 7 of the Affidavit of Jerry F. Kerbrdle II (Exhibit C of Novastar's Reply), David and Janet Henry were not personally served with the pleadings until April 27, 2006. Since the defendants were not served within the 30 day requirement of CPLR §6512, the Notice of Pendency is invalid and CPLR §6514(a) requires its mandatory cancellation. Therefore, the invalid Notice of Pendency is ineffective at providing sufficient constructive notice to the hypothetical BFP.

///

///

---

[1] *In Re Professional Investment Properties of America*, 955 F.2d 623 (9th Cir. 1992)

2

WHEREFORE; the Trustee requests that Novastar's Motion for Clarification be denied and that the Automatic Stay remain in effect to prevent Novastar from continuing its litigation in New York to correct the unrecorded security interest.

Dated: February 12, 2007.

                                          */s/ Scott Lieske*
                                          Scott A. Lieske, Esq.  ABN 16250
                                          Staff Attorney for Chapter 13 Trustee
                                          *Slieske@ch13bk.com*

A copy of the foregoing
was mailed on February 12, 2007, to:

Edward Moomjian II
CHANDLER & UDALL, LLP
33 N. Stone Ave., Ste. 2100
Tucson, AZ 85701-1415
Co-Counsel for Novastar Mortgage, Inc.

David and Janet Henry
1846 E. Anchor Dr.
Gilbert, AZ 85234
Debtors

Andrew S. Nemeth
PHILLIPS & ASSOCIATES
3030 N. Third St., Ste. 1100
Phoenix, AZ 85012
Attorney for Debtors

*/s/ Scott Lieske*

3