**CHANDLER & UDALL, LLP**
ATTORNEYS AT LAW
4801 EAST BROADWAY BOULEVARD, SUITE 400
TUCSON, ARIZONA 85711
(520) 623-4353

Edward Moomjian II, PCC # 65050, SBN 016667
Co-Counsel for Novastar Mortgage, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re:<br><br>DAVID C. HENRY and JANET A. HENRY,<br><br>        Debtors.<br><br>NOVASTAR MORTGAGE, INC., its successors and/or assigns,<br><br>        Movant,<br><br>vs.<br><br>DAVID C. HENRY and JANET A. HENRY, DEBTORS, and RUSSEL A. BROWN, CHAPTER 13 TRUSTEE. | NO. 2:06-bk-02937-EWH<br><br>Chapter 13<br><br>**NOVASTAR MORTGAGE, INC.'S REPLY IN SUPPORT OF ITS OBJECTION TO TRUSTEE'S RECOMMENDATION** |
|---|---|

Novastar Mortgage, Inc. ("Novastar"), by and through its undersigned counsel, submits its Reply in support of its Objection to the Trustee's Recommendation. For the Court's information, these arguments overlap with and also relate to Novastar's currently pending *Motion for Clarification*.

**I.  NOVASTAR'S ARGUMENT REGARDING NOTICE FROM THE DEBTORS' SCHEDULES & CHAPTER 13 PLAN HAS SINCE BEEN UNDERCUT BY *IN RE DEUEL*.**

As the Court may recall, Novastar previously asserted that the Trustee was afforded constructive notice of the mortgage at issue from the Debtor's Schedules and Plan, and that this precluded the Trustee's attempt to avoid this security interest under 11 U.S.C. §544(a)(3). *See Novastar's Reply in Support of Motion for Clarification* ("Novastar Reply") at §§III-III(B).

The Trustee is correct that, since those arguments were lodged, the BAP has issued a decision undercutting this argument. *See In re Deuel*, ___B.R.___, 2006 WL 4010577 (9 Cir. BAP 2006). In *Deuel*, the BAP distinguished *In re Professional Invest. Prop. of Am.*, 955 F.2d 623 (9th Cir.1992) as providing such notice from the involuntary petition itself, and held that in a voluntary case, the Schedules and/or Plan (even if submitted for filing with the Petition) could not be deemed filed "as of the commencement of the case" and, as such, could not provide constructive notice to the Trustee as of that point in time. *Deuel* at *4-5; *but see In re Roman Catholic Archbishop of Portland in Oregon*, 335 B.R. 868, 881 (Bkrtcy.D.Or. 2005) (finding constructive notice in voluntary case from schedules filed with the petition).

In light of this new development, the Trustee is correct that Novastar's position is undercut by *Deuel*.[1]

## II. THE *NOTICE OF PENDENCY* NEVERTHELESS DIVESTED THE TRUSTEE OF BFP STATUS PRECLUDING AVOIDANCE OF NOVASTAR'S MORTGAGE UNDER 11 U.S.C. §544(A)(3).

The Trustee also argues that, Novastar's *Notice of Pendency* was "ineffective at providing sufficient constructive notice to the hypothetical BFP" under CPLR 6512. *See Trustee's Response* at 2:16-18. While Novastar and its counsel have not had sufficient time to exhaustively research this argument (given that it was only made a few days prior to the hearing), Novastar's preliminary research suggests that the Trustee's analysis has gone astray.

The Trustee appears to be correct that New York CPLR 6512 states that "[a] notice of pendency is effective only if, within thirty days after filing, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order and publication is subsequently completed." The Trustee is also correct that service of process in the New York Lawsuit was effectuated more than 30 days after the filing of

---

[1] While the Court is bound to rule against Novastar on this issue due to the intervening *Deuel* decision from the BAP, Novastar *does not* withdraw this argument in order to preserve it for review before the Ninth Circuit.

-2-

Novastar's *Notice of Pendency. See Novastar's Reply*, Exhibits C and C-3 thereto. This does not, however, lead to the inexorable conclusion that the Trustee was a BFP without sufficient constructive notice of Novstar's mortgage.

A filed Notice of Pendency is presumptively valid. *In re Murphy*, 331 B.R. 107, 133-135 (Bkrtcy. S.D.N.Y. 2005) (applying New York law, *citing Weiss v. Alard*, 150 F.Supp.2d 577, 581 (S.D.N.Y. 2001), *aff'd*, 91 Fed.Appx. 181 (2d Cir. 2004)). New York CPLR 6514 and 6515 provide the exclusive method[2] by which a court may "cancel" a Notice of Pendency, allowing for cancellation where (*inter alia*) "service of a summons has not been completed within the time limited by section 6512." *See* CPLR 6514(a). It is undisputed, however, that Novastar's Notice of Pendency was never cancelled. *See Novastar's Reply*, Exhibit C (Affidavit of Jerry F. Kebrdle II) at 3:2-4; *see also Trustee's Response* at 2:21-22 (implicitly acknowledging that the Notice of Pendency was never cancelled).

"In New York, a bona fide purchaser must have purchased the property in good faith without notice and for valuable consideration. Under New York law, such notice consists of actual notice and constructive notice of what may be revealed by (1) an examination of the record, (2) reasonable inquiry of those in actual possession, or (3) <u>reasonable inquiry on the basis of all circumstances</u>." *Reiber v. Option One Mortg. Corp.*, 344 B.R. 28, 32 (W.D.N.Y. 2006) (emphasis added) (internal citations and quotations omitted).[3] The Trustee argues that the failure to serve process on the Henrys within 30 days of the filing of the *Notice of Pendency* rendered it automatically "ineffective at providing sufficient constructive notice to the hypothetical BFP." *See Trustee Response* at 2:23-24. Even assuming that the failure to serve

---

[2] "After the filing of a notice of pendency, it ... may only be cancelled for one of the reasons listed in CPLR § 6514 or § 6515." *See Murphy, supra.*

[3] Here, it is undisputed that New York law controls the inquiry of whether a hypothetical purchaser of the New York Property would have been without notice of Novastar's mortgage and therefore qualified as a BFP. *See Novastar's Reply* at 7, n. 3; *see also Trustee's Response* at 2.

-3-

rendered the *Notice of Pendency* automatically ineffective at giving constructive <u>record notice</u> under New York law, this did not somehow disable the *Notice of Pendency* from providing constructive <u>inquiry notice</u> of Novstar's mortgage. *Reiber, supra* at 33-35.[4]

In *Reiber*, the Bankruptcy Court for the Western District of New York examined the effect of a potentially defective chain of title resulting from an error in indexing a mortgage due to a misspelling in the mortgagee's name, and an error in a subsequent correction affidavit which stated the correct name, but listed the wrong town for the property. *Id* at 29-30. Due to the error in the affidavit, the Trustee claimed that the affidavit resulted in a defective chain of title that did not give the Trustee "record notice" (i.e., notice from "an examination of the record") of the mortgage such that it could be avoided under 11 U.S.C. §544(a)(3). *Id* at 33.

While the district court rejected that the naming of the wrong town resulted in a defect in the chain of title, it held the erroneous affidavit would have nevertheless put a potential purchaser on inquiry notice as the error at issue would have led a reasonable purchaser to inevitably discover of the mortgage:

> Furthermore, as stated earlier, under New York law a party is charged with notice of "what may be revealed by (1) an examination of the record, (2) reasonable inquiry of those in actual possession, or (3) reasonable inquiry on the basis of all circumstances." *Bygaph*, 56 B.R. at 602. *See also In re Rodriguez*, 261 B.R. 92, 94 (E.D.N.Y.2001) ("one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such an interest may not avail himself of the benefit of Section 291"); *In re Lasercad Reprographics, Ltd.*, 106 B.R. 793, 802 (Bankr.S.D.N.Y.1989) ("After examining the records, [the mortgagee] would be required to inquire further if any defect was revealed in [the mortgagor]'s title"); *In re Hardway Restaurant, Inc.*, 31 B.R. 322, 330 (Bankr.S.D.N.Y.1983) ("If no inquiry is made, the purchaser is charged with what a reasonable inquiry concerning the defect would have revealed"). Judge Ninfo found

---

[4] The Ninth Circuit has recognized that constructive notice destroying a Trustee's BFP status under 11 U.S.C. §544 may be provided by "inquiry notice" allowed under applicable state law. *See, e.g., In re Professional Inv. Properties of America* 955 F.2d 623, 627(9th Cir. 1992) (finding that Washington law allowed for constructive notice to BFP, by virtue of "inquiry notice," of petitioning creditor's interest under unrecorded instrument so that trustee could not invoke avoidance powers).

-4-

CHANDLER & UDALL, LLP
4801 EAST BROADWAY BOULEVARD, SUITE 400
TUCSON, ARIZONA 85711
(520) 623-4353

> that under the factual circumstances of this case, given what a hypothetical record searcher would have found with respect to the Property, it would have been reasonable to make inquiry about the nature of the Correction Affidavit, regardless of its designation as relating to property in the Town of Erwin. That inquiry would have led to the discovery of the mortgage and the lien on the Property.

*Id* at 34. Because the defective affidavit would have nevertheless led a reasonable purchaser to inquire and learn about the mortgage at issue, the Trustee was put on "inquiry notice" and was precluded from claiming the status of a BFP to avoid the mortgage. *Id* at 34 (citing cases).

This same result has been reached numerous times under New York law. *See In re Perosio*, 2006 WL 3386772 *3-5 (N.D.N.Y. 2006) (appellant could not claim BFP status to avoid purportedly defective mortgage as review of title documents would have provided "ample notice of discrepancies and possible adverse claims" which "would have caused a reasonable purchaser to inquire" as to them providing "sufficient notice of Appellees' mortgages."); *In re Rodriguez*, 261 B.R. 92, 94 (E.D.N.Y.2001) (Chapter 7 trustee could not claim BFP status to avoid unrecorded mortgage as debtor's current possession of property would have been sufficient to put any reasonably prudent purchaser on notice of need for further inquiry, and in light of debtor's inability to produce deed, would have inevitably led to discovery of prior owners' mortgage); *In re Lasercad Reprographics, Ltd.*, 106 B.R. 793, 802 (Bankr.S.D.N.Y.1989) (mortgagee would have been under a duty to further inquire as to any possible competing interest if any defect was revealed in the record; if no inquiry had been made, the mortgagee would have been charged with what a reasonable inquiry concerning the defect would have revealed); *In re Hardway Restaurant*, Inc., 31 B.R. 322, 330 (Bankr.S.D.N.Y.1983) (purchaser was required to inquire as to any defect in his grantor's title that may be revealed and because no inquiry was made, he was charged with what a reasonable inquiring concerning the defect would have revealed); *see also In re Cirasuolo*, 48 B.R. 447, 450 (Bankr.N.D.N.Y.1985) (trustee could not claim BFP status to avoid improperly filed mortgage due to notice afforded by other filed deeds, review of which by trustee would have

-5-

provided "inquiry notice" of fact that problem existed regarding debtors' alleged interest in property).

Here, given the effect that a filed *Notice of Pendency* has on a purchaser's title under New York law,[5] a reasonable inquiry would require one not only to check the normal chain of title, but for any notice of pendency as well. *See, e.g., In re Perosio, supra* at *4 (conducting "inquiry notice" analysis and finding that Appellant debtors were put on inquiry notice not only from the chain of title documents, but from any notices of pendency as well). Here, it is undisputed that such a check would have led a potential purchaser to Novastar's *Notice of Pendency* which disclosed Novastar's claimed mortgage in the Property and the New York Lawsuit seeking to enforce it. *See* Novastar's *Notice of Pendency*, attached as Exhibit C-3 to the *Novastar Reply*. Thus, irrespective of whether the *Notice of Pendency* remained "effective" under CPLR §6512 to give automatic "record notice" to a potential purchaser, any potential purchaser viewing it would have nevertheless been put on "inquiry notice" of Novastar's mortgage and claimed security interest in the Property.

## CONCLUSION

Novastar's *Notice of Pendency*, even if ineffective to establish "record notice," nevertheless establishes "inquiry notice" under New York law which precludes the Trustee's attempt to claim BFP status and avoid Novastar's mortgage. In light of the foregoing, the the Court should grant Novastar's *Motion for Clarification* and its *Objection* to the Trustee's Report, and deny the Trustee's Objection.

---

[5] *See* New York CPLR §6501; *see also Novastar Mortg., Inc. v. Mendoza*, 811 N.Y.S.2d 411, 412 (N.Y.A.D. 2 Dept. 2006) ("Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property.")

DATED this 12th day of February, 2007.

CHANDLER & UDALL, LLP

By _____
Edward Moomjian II
Co-Counsel for Novastar Mortgage, Inc.

ORIGINAL electronically filed
this 12th day of February, 2007, with
United States Bankruptcy Court

COPY of the foregoing mailed
this 12th day of February, 2007, to:

Russell A. Brown
Chapter 13 Trustee
P. O. Box 33970
Phoenix, Arizona 85067-3970

David Charles Henry
Janet Ann Henry
1846 East Anchor Drive
Scottsdale, Arizona 85234
Debtors

Tatiana M. Froes, Esquire
**PHILLIPS & ASSOCIATES**
3030 North Third Street, Suite 1100
Phoenix, Arizona 85012
Attorney for Debtors

Village of Springfield
5 West Main Street
P. O. Box 17
Springville, New York 14141
Tax Lien

Paul A. Levine, Esquire
Matthew M Silverman, Esquire
**McCarthy Holthus Levine**
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Co-Counsel for Novastar Mortgage, Inc.

By _____

I:\9235 UGTIC Matters\9235-2S - NovaStar Mortgage v. Henry\Pleadings\Novastar - Sur-Reply re Motion for Clarification.draft2.wpd