**CHANDLER & UDALL, LLP**
ATTORNEYS AT LAW
4801 EAST BROADWAY BOULEVARD, SUITE 400
TUCSON, ARIZONA 85711
(520) 623-4353

Edward Moomjian II, PCC # 65050, SBN 016667
Co-Counsel for Novastar Mortgage, Inc.

**Office of Russell A. Brown**
Chapter 13 Trustee
P. O. Box 33970
Phoenix, Arizona 85067-3970
(602) 277-8996
Scott Lieske, SBN 16250
Counsel for Chapter 13 Trustee

**PHILLIPS & ASSOCIATES**
3030 North Third Street, Suite 1100
Phoenix, Arizona 85012
(602) 258-8900
Andrew Nemeth, SBN 015509
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

In re:

DAVID C. HENRY and JANET A. HENRY,

Debtors.

NOVASTAR MORTGAGE, INC., its successors and/or assigns,

Movant,

vs.

DAVID C. HENRY and JANET A. HENRY, DEBTORS, and RUSSEL A. BROWN, CHAPTER 13 TRUSTEE.

NO. 2:06-bk-02937-EWH

Chapter 13

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

&

**NOTICE OF LODGING FORM OF ORDER**

*[GRANTED stamp overlay]*

Debtors David C. Henry and Janet A. Henry ("Debtors"), Chapter 13 Trustee Russell A. Brown (the "Trustee"), and Novastar Mortgage, Inc. ("Novastar"),[1] by and through their undersigned counsel, hereby jointly move the Court to approve the compromise settlement they have entered into (relating to the New York Property, and the Trustee's attempts to avoid Novastar's lien against that Property), and hereby give notice of their lodging of the proposed form of order approving the settlement.

## I. **HISTORY**

1. Prior to pendency of their Chapter 13 Bankruptcy, the Debtors owned and possessed a home located at 131 North Buffalo Street, Springville, New York (the "New York Property").

2. On or about June 28, 2004, the Debtors refinanced the New York Property through a loan (the "Loan") obtained from Novastar, under which the Debtors executed a promissory note (the "Note") and a Mortgage (in favor of Novastar) securing the Note against the New York Property. A portion of the Loan was used to pay off the senior liens against the New York Property, after which Novastar's Mortgage was intended by the Debtors and Novastar to be a first position lien against the New York Property.

3. The executed Mortgage was delivered to the Erie County (New York) Recorder's Office for recording. However, it was never recorded as it was apparently lost by the Recorder's Office.

4. Debtors went into default under the Note as of April 1, 2005. The principal amount owing on the Note was (at that time) over $145,000.

5. On or about January 25, 2006, Novastar instituted an action against the Debtors in Erie County, New York (the "New York Lawsuit") to (*inter alia*) establish the validity of the executed but lost and unrecorded Mortgage, and to permit for the recording of a copy

---

[1] The Debtors, the Trustee and Novastar are collectively referred to herein as the "Parties."

of the Mortgage with the Erie County (New York) Recorder's Office. The New York Lawsuit also named as defendants the New York State Department of Taxation and Finance for the purpose of establishing that the Mortgage was senior in priority to the sales tax liens that it recorded against the New York Property. On or about January 25, 2006, Novastar's counsel in the New York Lawsuit filed a "Notice of Pendency" with respect to the New York Property.

6.  The Debtors were served with the Complaint in the New York Lawsuit on or about April 27, 2006.

7.  The Debtors did not answer or otherwise contest the New York Lawsuit and, as such, their default was pending as of the date the Debtors filed for Chapter 13 Bankruptcy on or about September 16, 2006 (the "Petition Date").

8.  Further prosecution of the New York Lawsuit, including entry of judgment therein, was halted upon notice of the Debtors' filing for Chapter 13 Bankruptcy.

9.  The Debtors' Bankruptcy Schedules (specifically, Schedule D) and proposed Plan (specifically, Section II(3)(B)(ii)(1)(A)) acknowledged Novastar's security interest in the New York Property.

10. Novastar thereafter retained counsel who filed a *Motion to Lift Stay* premised upon the assertion that the Mortgage had been duly recorded. At that time, neither Novastar's original counsel herein, nor Novastar's representative in charge of dealing with the Debtors' bankruptcy, were aware of the problem with respect to the recording and loss of the Mortgage. On October 19, 2006, the Court granted the *Motion to Lift Stay*, entering its *Modified Order Terminating Automatic Stay* (the "Order").

11. Upon becoming aware that the lifting the stay was based upon incorrect information, Novastar thereafter filed its *Motion for Clarification*, advising the Court that the executed Mortgage had not been recorded, and requesting clarification that the scope of the *Order* lifting the stay encompassed and allowed Novastar's continued pursuit of

| | |
|---|---|
| 1 | the New York Lawsuit. |
| 2 | 12. On or about November 30, 2006, the Trustee filed its objection to the *Motion for Clarification*, arguing (*inter alia*) that Novastar's lien against the New York Property was not perfected and could be avoided under 11 U.S.C. §544, and that due to Novastar's misrepresentation as to the status of the recording of the Mortgage, that the *Motion for Clarification* should be denied, and the Court should revoke its *Order* lifting the automatic stay. At approximately the same time, the Trustee filed its *Trustee's Recommendation* (regarding the Debtors' Plan, Schedules and Statement of Financial Affairs) in which it reiterated these same arguments. |
| 13. | On or about December 11, 2006, Novastar filed its *Reply* in support of its *Motion for Clarification*, and its *Objection* to the *Trustee's Recommendation*, asserting that: (i) Novastar's prior failure to disclose the New York Lawsuit and the issue regarding the recording of the Mortgage were inadvertent and that upon discovery Novastar brought this issue to the Court for clarification; and (ii) the Trustee's threatened avoidance of the Mortgage was precluded by constructive notice of the Mortgage provided by the Debtors' Schedules, the Chapter 13 Plan, and the Notice of Pendency.[2] |
| 14. | On or about February 12, 2007, the Trustee submitted its *Response* in support of its *Objection* to the *Motion for Clarification*, asserting that: (i) the intervening Ninth Circuit BAP decision of *In re Deuel*, 361 B.R. 509 (9th Cir. BAP 2006), precludes any argument of constructive notice of the Mortgage arising from the Debtors' Plan or Schedules; and (ii) the failure to serve the New York Lawsuit within 30 days of the Notice of Pendency precludes any argument of constructive notice of the Mortgage arising from the Notice of Pendency. |

---

[2] As the Court will recall, undersigned counsel is not licensed in New York and, thus, was forced to rely on Novastar's New York counsel for the legal analysis regarding the Notice of Pendency and any constructive notice resulting therefrom and New York law.

15. On or about February 12, 2007, Novastar filed its *Reply* in support of its *Objection* to the *Trustee's Recommendation*, acknowledging that the intervening BAP decision undercut its argument that the Schedules and Plan put the Trustee on constructive notice of the Mortgage, but otherwise asserting that any problems arising from a failure to serve the New York Lawsuit within 30 days of the Notice of Pendency did not preclude it from providing "constructive inquiry notice" of Novstar's mortgage to the Trustee such that the Trustee was nevertheless precluded from exercising its avoidance powers regarding the Mortgage.

16. At the hearing, the Court ordered that the Trustee provide one last supplemental brief on March 7, 2007 (the "Supplemental Brief Deadline") as to the issues relating to the lift-stay and avoidance, after which the Court would make its ruling.

17. The Parties thereafter engaged in settlement negotiations, as a result of which the Court ultimately continued the Supplemental Brief Deadline until June 7, 2007 to allow the Parties an additional opportunity to resolve this matter. The Parties thereafter reached a settlement (the "Settlement") subject to notice and approval by the Court, at which point the Court stayed the Supplemental Brief Deadline pending submission and approval of the Settlement.

## II. THE SETTLEMENT

18. In an effort to settle the above-referenced controversies, the Parties have agreed and stipulated to the Settlement as follows:

    a. The Debtors shall re-acknowledge the Mortgage (Ex. A hereto) by executing a copy of it again (on the original acknowledgment pages next to the copies of their original signatures, and initialize each page next to the copies of their original initials), and by also executing and/or initialing the new/additional acknowledgment page (also attached as part of Ex. A), and having all such signatures notarized. The Debtors shall so execute and deliver these documents

to counsel for Novastar within ten (10) days of the Order of the Court approving this Settlement.

    b.    The Debtors shall execute the Deed In Lieu of Foreclosure and Affidavit for Deed in Lieu of Foreclosure (all attached as Ex. B hereto) and have all such signatures notarized. The Debtors shall so execute and deliver these documents to counsel for Novastar within ten (10) days of the Order of the Court approving this Settlement.

    c.    The Debtors shall complete and execute (with notarizations) the (i) Combined Real Estate Transfer Tax Return, etc. (New York State Department of Taxation and Finance Form no. TP-584, effective 7/03) (Ex. C hereto); & (ii) State of New York Real Property Transfer Report (New York State Board of Real Property Services Form RP-5271, Rev. 3/97) (Ex. D hereto). The Debtors shall so complete, execute and deliver these documents to counsel for Novastar within ten (10) days of the Order of the Court approving this Settlement.

    d.    All stays shall be lifted for the purpose of allowing Novastar to record the Mortgage, record the Deed in Lieu of Foreclosure, record any other documents reasonably necessary to effectuate this settlement, and continue its pursuit of the New York Lawsuit to the extent Novastar deems it necessary to do so.

    e.    The Erie County (New York) Recorder's Office shall record the Mortgage and Deed in Lieu of Foreclosure (and all other documents reasonably necessary to effectuate this settlement) without the imposition of any mortgage recording taxes or real property transfer taxes, and shall only charge the appropriate recording fees.

    f.    Novastar shall take all reasonable steps to promptly obtain a title report with respect to the New York Property, which report shall be updated through and including the recording of both the Mortgage and the Deed in Lieu of

Foreclosure (the "Title Report").

    i.    To the extent that the Title Report shows no additional or intervening liens beyond those listed in the previous title report (attached as Ex. E hereto), Novastar (through its title insurer, United General Title Ins. Co. - "UGTIC") shall pay the Trustee Fifty-Thousand Dollars ($50,000.00) (the "Settlement Payment").

    ii.    To the extent that the Title Report shows additional and/or intervening liens (the "Liens") beyond those listed in the previous title report (Ex. E),[3] Novastar and/or UGTIC shall be entitled to deduct from the Settlement Payment the amount(s) sufficient to satisfy the Liens (including any applicable interest, attorneys' fees, etc.) (the "Withheld Amounts"). The Withheld Amounts shall be held in the trust account of undersigned counsel for Novastar pending determination (by this Court) of the nature, extent and validity of the Liens.

    (1)    To the extent the Liens are determined to be valid and/or must be satisfied (in whole or in part) to obtain their release, any such payments shall first be made from the Withheld Amounts. Upon satisfaction and release of all of the Liens, any remaining portion of the Withheld Amounts shall be transmitted to the Trustee as the final portion of the Settlement Payment, and Novastar/UGTIC shall owe no further funds to the Trustee under this Settlement.

    (2)    To the extent the Withheld Amounts are insufficient to satisfy and obtain release of all of the Liens, any further amounts necessary to

---

[3] For instance, when Novastar obtained the previous title report (Ex. E hereto), it revealed a judgment lien against the New York Property by creditor Ventura's Carstar Collision, in the amount of $5,495.00. Neither Novastar or the Trustee were previously aware of this *secured* claim as it had previously been listed in Schedule F as an *unsecured* claim.

do so shall be paid by the Trustee from the portion of the Settlement Payment previously delivered to the Trustee.

(3) To the extent that the total amount necessary to satisfy and obtain release of all of the Liens exceeds the total amount of the Settlement Payment, this Settlement shall be voidable at the sole and unqualified discretion of Novastar, in which instance the Parties shall each return the others to the *status quo* that existed prior to agreeing to this Settlement.

g. The Debtors and the Trustee relinquish, waive and release any and all claims and arguments they may have with respect to the New York Property, the Loan, the Note, the Mortgage, the New York Lawsuit, the Notice of Pendency, the lifting of the stay with respect to Novastar, the *Motion for Clarification*, and the avoidance and constructive notice issues referred to herein.

h. The Parties shall execute and deliver any documents reasonably necessary to effectuate the intent of this Settlement.

i. To the extent inconsistent with the Confirmed Plan in this matter, the Confirmed Plan shall be deemed modified by the terms of this Settlement as approved by the Court herein.

j. The Court shall retain jurisdiction regarding any dispute arising under this Settlement.

## III. CONCLUSION

19. The Parties believe that the Settlement is an equitable resolution of the above-referenced disputes.

20. The Parties believe that this Settlement is in the best interest of the Debtors, the Estate, and the pre- and post-petition creditors herein.

21. Accordingly, the Parties hereto request that the Court enter an Order approving this

Settlement.

DATED this 12th day of August, 2007

        PHILLIPS & ASSOCIATES

By /s Andrew Nemeth 015509
    Andrew Nemeth
    Counsel for Debtors

RUSSEL A. BROWN, CH. 13 TRUSTEE

By _____
    Scott Lieske
    Counsel for Chapter 13 Trustee

*(Digital signature: Scott Lieske / Russell A. Brown, Chapter 13 Trustee, PO Box 33970, Phoenix AZ 85067, 2007.08.15 16:06:38 -07'00')*

CHANDLER & UDALL, LLP

By /s Edward Moomjian II
    Edward Moomjian II
    Co-Counsel for Novastar Mortgage, Inc.

ORIGINAL electronically filed
this ____th day of August, 2007, with
United States Bankruptcy Court

COPY of the foregoing mailed
this ____th day of August, 2007, to:

David Charles Henry
Janet Ann Henry
1846 East Anchor Drive
Scottsdale, Arizona 85234
Debtors

Village of Springfield
5 West Main Street
P. O. Box 17
Springville, New York 14141
Tax Lien

Paul A. Levine, Esquire
Matthew M. Silverman, Esquire
**McCarthy Holthus Levine**
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Co-Counsel for Novastar Mortgage, Inc.