Andrew S. Nemeth (015509)
**PHILLIPS & ASSOCIATES**
3030 North Third Street, Suite 1100
Phoenix, Arizona 85012
Tel: (602) 258-8900
Fax: (602) 230-2027
eMail: anemeth@phillipslaw.ws

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In Re: | Chapter 13 |
|---|---|
| DAVID C. HENRY, xxx-xx-6553, and | Case No. 2-06-bk-02937-EWH |
| JANEY A. HENRY, xxx-xx-6011, | **MOTION TO APPROVE ENTRY OF A HARDSHIP DISCHARGE IN ACCORDANCE WITH 11 U.S.C. § 1328(b)** |
| 865 n. Roosevelt Cir. Scottsdale, AZ 85257 | |
| Debtors. | |

COME NOW the Debtors, by and through counsel undersigned, and hereby move this Honorable Court to enter an Order granting the Debtors a hardship discharge in accordance with 11 U.S.C. § 1328(b) for the reasons set forth below.

1. The Debtors filed for protection under Chapter 13 of the Bankruptcy Code (Title 11 of the United States Code) on September 15, 2006.

2. The Debtors' Chapter 13 Plan was confirmed by an Order of this Court entered on June 6, 2007.

3. The Debtor have heretofore paid to the Trustee as and for Plan payments, the total sum of $59,320.00, inclusive of a payment procured by the Trustee direct from a creditor in the amount of $50,000.00.

4. The secured creditor to be paid through the Plan include Double Eagle Motors and C.A.G. Acceptance, LLC., and both creditors have been partially paid through the Plan.

...

...

5. Chapter 7 reconciliation guidelines require that the Debtors pay at least $0.00 to general unsecured creditors, sans monies collected by the Trustee, prior to entry of a hardship discharge under 11 U.S.C. § 1328(b).

6. The Standing Chapter 13 Trustee assigned to this case has disbursed funds to the general unsecured creditors by virtue of funds collected by the Trustee from a creditor, and $0.00 has been disbursed to general unsecured creditors on account of Plan payments made by the Debtors; thus the general unsecured creditors have been paid at least as much as they would have received if the instant case was filed under Chapter 7.

7. Mr. Henry is currently being treated for valley fever and after treatment for valley fever is completed, then Mr. Henry is expected to undergo surgery to remove a tumor in his lung, and then after recovery from surgery, Mr. Henry is expected to have surgery to repair a torn meniscus; it is likely that Mr. Henry will not return to work, if at all, until sometime in 2010. See the Affidavit of David C. Henry attached hereto as Exhibit A and incorporated herein by reference.

8. The Debtors do not have sufficient income to continue to make Plan payments until at least 2010, if at all, and the inability to make Plan payments is not a cause for which the Debtors should be held accountable.

9. Modification of the Debtors' Chapter 13 Plan is not possible as the Debtors have no disposable income.

WHEREFORE, the Debtors respectfully request that this Honorable Court enter an Order granting them a hardship discharge in accordance with 11 U.S.C. § 1328(b).

DATE: July 15, 2008              PHILLIPS & ASSOCIATES

                                 By: /s/ ASN 015509
                                 Andrew S. Nemeth
                                 3030 N. Third St. #1100
                                 Phoenix, AZ 85012
                                 Attorneys for Debtor

/s/ DCH 6553                     /s/ JAH 6011
David C. Henry, Debtor           Janet A. Henry, Debtor

-2-

# EXHIBIT A

STATE OF ARIZONA )
            ) ss.
County of Maricopa )

I David C. Henry being duly sworn upon my oath do hereby certify under penalty of perjury and do hereby state as follows:

1. I am a Co-Debtor in Chapter 13 bankruptcy case number 2-06-bk-02937-EWH.

2. I went out on disability from my employment with Microchip Technology due to a torn meniscus.

3. I was to have surgery on my knee, however, during pre-operative procedures, I became diagnosed with a mass in my left lung, and the surgery was postponed pending resolution of the issue regarding my lung.

4. I was initially treated by Dr. Eric Shreder, and am currently being treated by Dr. Loretto Sulit, a pulmonologist.

5. Dr. Sulit, based on a PET Scan conducted, has determined that it is very likely that the mass in my lungs is a tumor, however, because I was previously diagnosed by Dr. Shreder with valley fever, confirmation of the tumor cannot be made until completion of the treatment for valley fever.

6. My valley fever treatment will be over at the beginning of October 2008.

7. After completion of the valley fever treatment Dr. Sulit will confirm the tumor diagnosis; recovery from the valley fever and the ability to return to work is an unknown period of time at this point.

8. If the tumor diagnosis is confirmed then I will undergo surgery to remove the tumor as soon as possible, with recovery also to last an indefinite amount of time.

9. Following either completion of the valley fever recovery or the lung tumor surgery recovery, I will then go back for surgery to repair my meniscus.

10. Recovery and the ability to return to work, based upon the various schedules discussed by me with my doctors, is not until sometime in 2010, if at all.

11. The prospects me to return to work are currently unknown.

DATE: 7/15/2008

David C. Henry

Subscribed and sworn or affirmed before me this 15th day of July, 2008 by David C. Henry.

Notary Public
My Commission Expires: 9/6/10

CLAUDIA V. FLORES
Notary Public - Arizona
Maricopa County
Expires 09/06/10